**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**EDWARD KOSTZENSKIE,**

                   **Plaintiff,**

     v.                                   **No. 07-CV-1320**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

                   **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

Plaintiff Edward Kostzenskie brought this suit under sections 205(g) and 1631(c)(3) of the Social Security Act ("Act"), as amended, 42 U.S.C. sections 405(g) and 1383(c)(3), to review a final determination of the Commissioner of Social Security denying Plaintiff's application for disability insurance and Supplemental Security Income ("SSI") benefits. Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**I.    FACTS**

    **a.    Procedural History**

Kostzenskie applied for SSI benefits on June 20, 2005. Tr. at 34, 41. The application was initially denied on August 12, 2005. Tr. at 34. On August 19, 2005, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at 32. The hearing occurred on June 7, 2007, before ALJ Robin J. Artz. Tr. at 189. During the hearing, Plaintiff was

represented by counsel. Id. ALJ Artz found that Kostzenskie was not disabled under sections 216(I) and 223(d) of the Act. Tr. at 24. The ALJ's decision became the final determination of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision on November 30, 2007. Tr. at 4. Plaintiff then commenced the present action seeking review of the Commissioner's decision.

    **b.**        **Medical History[1]**

Plaintiff was born in January 1961. Tr. at 192. He worked as a corrections officer for the State of New York from 1982 to May 2005. Tr. at 195. His work involved sitting for two hours, standing for two hours, and walking for two hours each day, and lifting up to twenty pounds. Tr. at 47.

Plaintiff testified that he had sustained injuries to his right knee and both shoulders Tr. 195. He underwent surgery on his right shoulder in 1997. Tr. at 193. He had surgery on his left shoulder in 2003. Tr. at 198. Plaintiff said that he did not have pain in his right shoulder unless he tried to lift too much. He admitted that he could lift thirty pounds with both hands Tr. at 199. Plaintiff said that Aleve helped to relieve his pain. Tr. at 198.

Plaintiff testified that he had a driver's license, and that he could drive for forty-five minutes to an hour at a time Tr. at 193-94. Plaintiff performed household chores, shopped for himself, and occasionally visited his mother. Tr. at 205.

Stewat Kaufman, M.D. was Plaintiff's treating physician. Tr. at 22. Tamara Graham, D.C. was Plaintiff's treating chiropractor. Tr. at 23. Drs. Kaufman and Graham's extensive notes were part of the original record before the ALJ. Tr. at 22, 23.

---

[1]Plaintiff does not set forth a statement of the facts in his brief. Accordingly, the Court defers to Defendant's statement of fact.

### c. The ALJ's Analysis

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The administrative regulations established by the Commissioner require the ALJ to apply a five-step evaluation to determine whether an individual qualifies for disability insurance benefits. See 20 C.F.R. §§ 404.1520, 416.920; see also Williams v. Apfel, 204 F.3d 48, 48–49 (2d Cir. 1999); Bush v. Shalala, 94 F.2d 40, 44–45 (2d Cir. 1996).

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment which is listed in Appendix 1 of the regulations, [t]he [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Barry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

Prior to applying this five-step framework, the ALJ must determine the date on which the claimant-plaintiff last met the Act's insured status requirement, whereby the claimant must establish disability prior to or on that date last insured. See 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1); 20 C.F.R. §§ 404.130, 404.131(b), 404.315(a); see also Arnone v. Bowen, 882 F.2d 34, 37–38 (2d Cir. 1989). Here, the ALJ determined that Plaintiff met the insured status requirements through December 31, 2010. Tr. at 19.

In the first step of the five-step analysis, the ALJ found that Kostzenskie had not engaged in substantial gainful employment since the alleged onset of disability. Tr. at 19. At step two, the ALJ determined that Kostzenskie's back disorder, left shoulder disorder, right shoulder disorder, and right knee disorder constituted severe impairments. Id. At step three, the ALJ determined that Plaintiff's impairments failed to meet or equal the level of severity of any impairment listed in Appendix 1, subpart P, 20 C.F.R. § 404.1520(d). Tr. at 19. At step four, the ALJ found that Kostzenskie did not retain the RFC to perform any past relevant work because he can only occasionally lift and carry up to ten pounds at a time, walk and stand up to two hours out of an eight hour day, occasionally push and pull light weight objects, and occasionally bend and stoop. Tr. at 23. Id. At step five, after consulting the Medical-Vocational Guidelines Rules 201.28 and 201.21, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff can perform at the sedentary level. Tr. at 23. As a result, the ALJ concluded that Plaintiff was not disabled under the Act. Tr. at 24.

## II. STANDARD OF REVIEW

The Court's review of the Commissioner's determination is limited to two inquiries. See 42 U.S.C. § 405(g). First, the Court determines whether the Commissioner applied the correct legal standard. See Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999); Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998); Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990); Shane v. Chater, No. 96-CV-66, 1997 WL 426203, at *4 (N.D.N.Y July 16, 1997) (Pooler, J.) (citing Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987)). Second, the Court must determine whether the Commissioner's findings are supported by substantial evidence in the administrative record. See Tejada, 167 F.3d at 773; Balsamo, 142 F.3d at 79; Cruz, 912

F.2d at 11; Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  A Commissioner's finding will be deemed conclusive if supported by substantial evidence.  See 42 U.S.C. § 405(g); see also, Perez, 77 F.3d at 46; Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984) ("It is not the function of a reviewing court to determine *de novo* whether a Plaintiff is disabled.  The [Commissioner's] findings of fact, if supported by substantial evidence, are binding.") (citations omitted).  In the context of Social Security cases, substantial evidence consists of "'more than a mere scintilla'" and is measured by "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L.Ed. 126 (1938)).  Where the record supports disparate findings and provides adequate support for both the plaintiff's and the Commissioner's positions, a reviewing court must accept the ALJ's factual determinations.  See Quinones v. Chater, 117 F.3d 29, 36 (2d Cir. 1997) (citing Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982)); Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990).

### III.  DISCUSSION

#### a.    No Weight Given to Opinion of Treating Chiropractor

Plaintiff argues that the ALJ erred by giving no weight to the opinion of his treating chiropractor, Tamara Graham, D.C.  In determining whether a claimant is disabled, the social security regulations require "evidence from acceptable medical sources to establish whether [the claimant has] a medically determinable impairment."  20 C.F.R. § 404.1513(a).  Section 404.1513 contains a list of acceptable medical sources.  Id.  Chiropractors do not appear on that list.  Id.  Further, "it would be inconsistent with these regulations to require the Secretary

to give controlling weight to a chiropractor's opinion." Diaz v. Shalala, 59 F.3d 307, 313 (2d Cir. 1995). The case law is clear that the Secretary is not required to give controlling weight to the opinion of a treating chiropractor. However, whether the opinion of a chiropractor must be given *controlling weight* is not the issue here. Plaintiff contends that the ALJ erred because she gave "no weight" to the opinion of treating chiropractor Graham. Tr. at 23.

The Southern District previously addressed this issue, writing :

> Courts are split on whether the opinions of a chiropractor or a physical therapist may be accorded the weight of a "treating physician." Compare MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986) (referring to chiropractor as treating physician); Frey v. Bowen, 816 F.2d 508 (10th Cir.1987) (same); Dorsey v. Heckler, 702 F.2d 597, 603 (5th Cir.1983) (same), with Vasquez v. Secretary of Health & Human Services, 632 F.Supp. 1560, 1565 (S.D.N.Y.1986) (Conner, J.) (chiropractor is not a treating physician); Rivera v. Heckler, 598 F.Supp. 203, 206-07 (E.D.Pa.1984) (same). In this case, however, it is unnecessary to decide which line of cases is more persuasive. All courts agree that the opinion of a treating chiropractor or a physical therapist must be accorded *some* weight, and here those opinions were accorded none. See Mongeur v. Heckler, 722 F.2d 1033, 1039 n. 2 (2d Cir.1983) (opinion of treating nurse practitioner "is entitled to some extra consideration"); [Vasquez v. Secretary of Health & Human Services, 632 F.Supp. 1560, 1565 (S.D.N.Y.1986)]. The ALJ's failure to take those opinions into account was reversible error.

Rivera v. Bowen, 665 F.Supp. 201, 206 (S.D.N.Y. 1987) (emphasis in original) (footnote omitted); see also Gillies v. Astrue, 2009 WL 1161500, at *6 -7 (W.D.N.Y. April 29, 2009) (examining Mongeur, 722 F.2d 1033).

Here, the ALJ erred in giving no weight to the opinion of the treating chiropractor, Dr. Graham. This case is remanded for re-evaluation of Plaintiff's claim in light of the chiropractic records.

### b. The ALJ's Rejection of Plaintiff's Credibility

Plaintiff argues that the ALJ erred in rejecting his credibility as to the

severity and limiting effects of his pain. When a claimant complains of symptoms that cannot be demonstrated by objective evidence alone, the ALJ considers a variety of factors including the claimant's daily activities, and the nature, location, onset, duration, and frequency of symptoms. 20 C.F.R. § 404.1529(c)(3). When rejecting subjective complaints of pain, an ALJ must do so "explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief[.]" Shatraw v. Astrue, 2008 WL 4517811, at *15 (N.D.N.Y. September 30, 2008) (quoting Brandon v. Bowen, 666 F. Supp 604, 608 (S.D.N.Y. 1987)). The ALJ's determination of credibility should be given great deference when she has had the opportunity to hear the plaintiff's testimony and, thus, is able to assess his demeanor. Gernavage v. Shalala, 882 F. Supp. 1413, 1419 n.6 (S.D.N.Y. 1995).

Here, the ALJ heard Plaintiff's testimony and considered his testimony regarding his daily activities. Tr. at 21. Plaintiff indicated that he did not experience pain in his right shoulder unless he tried to lift too much weight. Tr. at 199. Plaintiff stated he could life thirty pounds with both hands. Id. The ALJ considered Plaintiff's attempts to obtain pain relief. Tr. at 21. Plaintiff testified that the only pain medication he took was Aleve and it helped to relieve his pain. Tr. at 198. Further, the ALJ expressly considered all of the Plaintiff's relevant testimony regarding the severity of his pain. Tr. at 21.

The Court concludes that the ALJ's determination to reject Plaintiff's credibility as to the severity and limiting effects of his pain is supported by substantial evidence and, therefore, is not a basis for reversal or remand.

### c. The Appeals Council's Failure to Reverse or Remand

Next, Plaintiff contends that the Appeals Council erred in failing to reverse or remand the ALJ's decision because Plaintiff presented new evidence to it.

> The Appeals Council shall consider "new and material" evidence if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); see also § 416.1470(b); Perez v. Chater, 77 F.3d 41, 45 (2d Cir.1996). The Appeals Council "will then review the case if it finds that the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see § 416.1470(b).

Buchanan v. Commissioner Of Social Security, 2009 WL 1743933, at *4 (N.D.N.Y. June 18, 2009).

Here, the additional evidence presented by Plaintiff consisted of notes by Dr. Kaufman from an examination of Plaintiff on July 16, 2007. Tr. at 186. Plaintiff alleges the notes are probative of the time period in question because they are based on findings from an August 23, 2005 MRI report. Pl.'s Br. at 6. A retrospective medical assessment by a treating physician may be probative of the time period in question if the assessment includes a retrospective analysis of evidence existing before the claim was filed. Shaw v. Chater, 221 F.3d 126, 133 (2d Cir. 2000). However, there is nothing in the July 16, 2007 notes to suggest that the MRI mentioned in the notes was from 2005. Tr. at 186.[2] Therefore, the is no basis upon which to conclude that the Appeals Council erred in failing to remand or reverse based upon the introduction of new evidence by Plaintiff.

## IV.  CONCLUSION

In reviewing disability claims, a district court may affirm, modify, or reverse the determination of the Commissioner with or without remanding the case for a rehearing. See

---

[2] As noted in Defendant's brief, although Plaintiff claims to have attached the results of this MRI to his brief, it is not there.  Def.'s Memo at 14.

42 U.S.C. § 405(g).  For the reasons previously stated, the Court hereby ORDERS that the case be remanded to the Commissioner for proceedings consistent with this decision.

**IT IS SO ORDERED.**

Dated:July 30, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge